UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DILSHER SINGH,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-01858-TLN-SCR

**ORDER**

This matter is before the Court on Respondents' Motion for Reconsideration (ECF No. 14) of the Court's Order granting the Petition for Writ of Habeas Corpus ("the Petition"). Petitioner is a *pro se* federal immigration detainee who filed this action pursuant to 28 U.S.C. § 2241. (ECF No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  (ECF No. 4.)  On April 6, 2026, the magistrate judge entered findings and recommendations that the Court grant the Petition and order a bond hearing within five days.  (ECF No. 9.)  On April 10, 2026, Respondents filed objections to the findings and recommendations, standing on their previously submitted opposition brief, and providing no new evidence or argument for this Court to consider.  (ECF No. 10.)  On April 16, 2026, the Court adopted the magistrate judge's findings and recommendations in full, entered judgment in favor of Petitioner, and closed the case. (ECF No. 12.)

On April 20, 2026, Respondents filed a motion for reconsideration.  (ECF No. 14.)

1

It is not readily apparent to the Court what exactly Respondents are asking this Court to reconsider, as Respondents' motion is devoid of any discussion of the appropriate standard of law, the specific relief it seeks, and why such relief would be appropriate at this stage. Instead, Respondents provide information for the first time to this Court that Petitioner had a bond hearing on April 6, 2026 and was released from custody prior to entry of this Court's Order.[1] Respondents learned this information when attempting to comply with this Court's April 16, 2026 Order to schedule a bond hearing. (ECF No. 14 at 2.)

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Further, "[a] motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. (emphasis in original) (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Here, while the Court has been presented with new information, Respondents fail to demonstrate that the new evidence could not reasonably have been raised earlier in the litigation, particularly since Respondents filed objections to the findings and recommendations *after* Petitioner's bond hearing. Thus, the Court declines to reconsider its ruling.

However, to the extent Respondents are asking for relief from the Order under Federal Rule of Civil Procedure 60(b)(5), the Court grants such relief as Respondents have satisfied their

---

[1] Petitioner received a bond hearing as the result of another district court order. *See Singh v. LaRose*, No. 3:26-cv-01402-BTM-SBC (S.D. Cal. Mar. 23, 2026) (ECF No. 7). Respondents now disclose that on March 2, 2026 Petitioner filed a habeas petition in the United States District Court for the Southern District of California because he was first detained at the Otay Mesa Detention Center. (ECF No. 14.) Prior to docketing, Petitioner was transferred to the California City Detention Center. (*Id.*) Petitioner then filed a habeas petition in the Eastern District of California, giving rise to this action on March 6, 2026. (ECF No. 1.) On March 23, 2026, Judge Barry Ted Moskowitz in the Southern District ordered Respondents to provide Petitioner a bond hearing before an immigration judge. (ECF No. 14-1.) On April 6, 2026, Petitioner was provided with the court-ordered bond hearing wherein he was granted bond and thereafter released. (ECF No. 14-3.)

obligation.  The Court finds no need to require a second bond hearing for Petitioner.  To do so would work an injustice to Petitioner after he has already been released from custody on bond.

Accordingly, the Court GRANTS Respondents' motion (ECF No. 14) and releases Respondents from the provisions numbered three and five in this Court's April 16, 2026 Order (ECF No. 12), which require a bond hearing and a notice of compliance.

IT IS SO ORDERED.

Date: April 24, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE